# Commonwealth *v.* Paul, Appellant.

*Criminal law—Murder—Judgment—Review.*

1. A judgment on a verdict of guilty of murder of the first degree will not be reversed, where the appellate court, after having read the record as a whole, including the testimony, finds no lack of essential proofs of that offense, and the record contains no reversible error.

*Criminal law—Murder—Rule 58—Opinion of the court below—Act of March 31, 1860, P. L. 402.*

2. In a murder case where defendant pleads guilty, a short opinion of the trial court, fixing the degree, reporting the manner in which the case came before the court and stating its conclusions from the evidence, is a sufficient compliance with Rule 58 of the Supreme Court, where no point of law is involved other than the bare sufficiency of the evidence to support the findings of fact upon which the sentence rested.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 60, March T., 1927, by defendant, from sentence of O. & T. Indiana Co., Dec. T., 1925, No. 2, for murder of the first degree, in case of Commonwealth v. Domenic Paul. Affirmed.

Indictment for murder. Before LANGHAM, P. J.

The opinion of the Supreme Court states the facts.

Plea of guilty on which the prisoner was sentenced to imprisonment for life.

*Error assigned,* inter alia, was the sentence, quoting record.

*B. A. Sciotto,* for appellant.—The court should have stated its reasons for the sentence: Fischer v. Hale, 63 Pa. Superior Ct. 205; Hunt v. R. R., 224 Pa. 604; Rankin v. Rankin, 224 Pa. 514; Furth v. Stahl, 205 Pa. 439.

*L. E. Miller,* District Attorney, with him *E. E. Creps,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 9, 1927:

Defendant, charged with murder, pleaded guilty. The court below, under section 74 of the Act of March 31, 1860, P. L. 402, which provides that, on such a plea, "the court shall proceed, by examination of witnesses to determine the degree of the crime, and to give sentence accordingly," found the accused guilty of murder of the first degree and sentenced him to imprisonment for life; this appeal followed.

On Sunday, January 24, 1926, at about 8 P. M., defendant and the deceased, both Italians, had an angry argument, apparently about a game of cards that had been played between them the day before. Defendant talked freely about his prowess as a fighter, saying he

had already fled from two states and one more would make no difference, that he was not afraid of the people in the vicinity if they came one by one, and that some of these days some one from northern Italy would fall before him and not rise again, or words to that effect. Both disputants left the place where the quarrel started. Deceased went with another man to a near-by house, and, some twenty minutes later, when leaving that place, they were confronted by defendant, with his right hand in the pocket of his overcoat. The argument was resumed. Deceased's companion asked defendant to take his hand out of his pocket; he failed to do so and continued the argument. Defendant was advised to depart and not make trouble. He did move away, but almost immediately turned back to where deceased was standing and stopped, still keeping his hand in his overcoat pocket. Deceased made some move, whether to strike appellant or in an effort to get away from him, the witness testifying in this regard was unable to say; at any rate, defendant either slipped or was partly knocked down. He recovered his balance, wheeled, took two steps backward, drew a revolver from his overcoat pocket, and fired one shot, which struck his victim, the ball entering his back and passing clear through his body. Then defendant, revolver in hand, departed from the scene of the tragedy, admonishing those who endeavored to stop him that they had better stand back as he was going away. The sheriff of Indiana County was notified and in company with deputies went to the village of Dilltown, about half a mile distant; after making search in several places, at about 1:30 the following morning they entered the dwelling and store of one De-Rubis, where they found accused, fully dressed, hiding under the counter in the store. When asked why he had shot deceased, he stated, "I don't know," and "I made my mistake in Armerford this evening." He also said he had thrown his revolver in the creek. At the trial, defendant testified he did not know what had happened at

the time of the killing, because he was too drunk on that occasion to remember it afterwards. The strong preponderance of the evidence showed that he was sober; and his explanation of how he happened to come armed to the scene of the quarrel with deceased was not convincing.

While, perhaps, another trier of the facts might find defendant guilty of a lower grade of crime than murder of the first degree, yet, after studying the record, we cannot say it lacks essential proofs of that offense. The judge to whom the evidence was submitted, saw and heard the witnesses; it was for him to decide how much of the testimony was worthy of credit and what parts were not. He may have believed that the accused came to the scene of the crime with the deliberate intention of getting into a quarrel and taking advantage of the situation to kill deceased or some other northern Italian, for the evidence shows his victim was from that part of Italy; or the judge who heard the evidence might have thought the design to kill was formed in the interval of about twenty minutes when defendant and the deceased were apart during the quarrel, and that accused, with murder in his mind and his right hand actually on the instrument for its perpetration, sought out his intended victim. However this may be, it is enough to repeat that the record does not lack evidence to sustain the finding of the court below.

Appellant complains because the judge who heard the testimony failed to do more than enter a general verdict thereon; this is all that the words of the act seem to direct, though Rule 58 of this court to which defendant calls attention, requires, when the trial judge is notified of an appeal, that the court below "shall forthwith file . . . . . . at least a brief statement, in the form of an opinion, of the reasons for the. . . . . .judgment. . . . . .therein referred to." Here the sentence is the judgment and no point of law is involved other than the bare question of the sufficiency of the evidence to support the finding of

fact on which the sentence rests. Since, in this class of cases, our duty requires us to read the record as a whole, including the testimony, for the purpose of judging as to its sufficiency to sustain the verdict, it would serve no useful purpose to send the record back to the court below merely to discuss the evidence; the short opinion filed by that tribunal, reporting the manner in which the case came before the court and stating its conclusion from the evidence, is sufficient under the circumstances.

The assignments of error are overruled; the judgment is affirmed.